Mark Schmidter
3609 Shader Road
Orlando, Florida 32808
407-616-1501
mschmidter@gmail.com

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

MARK E. SCHMIDTER

    PLAINTIFF

v.                                                CASE NO. _____

FREDERIC M. SCHOTT AND
SEMINOLE COUNTY COURT A/K/A
COUNTY COURT OF THE EIGHTEENTH
JUDICIAL CIRCUIT, IN AND FOR SEMINOLE
COUNTY FLORIDA

    DEFENDANT

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
## UNDER AMERICANS WITH DISABILITIES ACT

Plaintiff Mark E. Schmidter sues the defendant FREDERIC M. SCHOTT AND SEMINOLE COUNTY COURT A/K/A COUNTY COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY FLORIDA for declaratory and injunctive relief under Title II of the Americans with Disabilities Act and alleges the following:

### JURISDICTION AND VENUE

The plaintiff Mark E. Schmidter brings this action to enforce Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12131-12134, against the defendant FREDERIC M. SCHOTT AND SEMINOLE COUNTY COURT A/K/A COUNTY COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY FLORIDA.

Defendant is a public accommodation subject to the provisions of Title II of the Americans with Disabilities Act of 1990 and as amended in 2008.

- 1 -

This Court has jurisdiction over this action under 42 U.S.C. §§12131-12134 and 28 U.S.C. §§ 1331 and 1345.  This Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202 and authority to grant equitable relief, monetary damages, and civil penalties under 42 U.S.C. §§12131-12134.

Venue is proper in the District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

Plaintiff Mark Edward Schmidter resides Orlando, Florida and is an individual with a disability within the meaning of Title II of the ADA.  The plaintiff has a physical or mental disability or impairment that substantially limits one or more major life activities set forth in 28 CFR 35.104.

Defendant FREDERIC M. SCHOTT and SEMINOLE COUNTY COURT A/K/A COUNTY COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE COUNTY FLORIDA is a public entity that employs fifty or more persons with its physical place of business in Seminole County Florida.  Defendant has control over and is responsible for operations at this public accommodation.

## PLAIN STATEMENT

The plaintiff is a seventy-four year old veteran and has one or more disabilities that impair his ability to engage in one or more major life activities.  Upon attempting to express this fact to the defendant, he has been met with assault, threats, incarceration and other abuses in retaliation, including not limited to being assaulted, arrested, publicly humiliated and imprisoned for nearly thirty hours and then threatened with further incarceration, all the while asking for help, asking for reasonable modifications or accommodations and being ignored and further threatened at every attempt to get help.

The primary object of attention in cases brought under the ADA is whether entities covered under the ADA, such as the defendant, have complied with their obligations and whether discrimination has occurred, not whether the individual (plaintiff) meets the

definition of "disability."  The question of whether an individual meets the definition of "disability" does not demand extensive analysis.

## STATEMENTS OF FACT

On the date of February 15th, 2021, plaintiff suffered retaliation at a restaurant known as Jason's Deli at the address of 301 East Altamonte Drive, Altamonte Springs, Florida when he attempted to express his disability that impaired his ability to engage in one or more major life activities while dining at the restaurant, he was assaulted by an employee at the restaurant and subsequently arrested by two heavily armed, masked individuals and imprisoned for approximately thirty hours under the custody of the defendant.  The defendant provides or makes available services, programs, and activities as a public entity.

The defendant ordered the plaintiff appear for an arraignment on March 18th 2021, he was brought before the defendant and the defendant threatened the plaintiff with incarceration if he failed to enter a plea.  The plaintiff explained that he suffered from a disability and did not understand the accusations made against him and also expressed that he had a difficult time hearing the defendant during the proceeding.

This was ignored and the defendant made absolutely no attempt to accommodate the plaintiff but instead, threatened him with incarceration for refusing to enter a plea.

Out of fear of further retaliation, the plaintiff stated that he was being coerced and threatened and that under duress he would state he was entering a plea of "not guilty" although he did try to express that he did not understand the meaning of any of this and could not hear the defendant during the time.

In spite of written notices included on the defendant's written correspondences to the plaintiff stating "If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance."  The plaintiff contacted the defendant's "ADA coordinator" and was directed to submit an online form which was not confidential or adequate to express the plaintiff's disability and failed to make any modifications or accommodations of any kind.  The plaintiff then sought the help of the ADA coordinator by telephone and a hand-written message and this request was ignored.

The ADA coordinator did not appear to be properly trained and lacked the basic necessary understanding of the legal requirements under the Americans with Disabilities Act.

On the date of April 15th at 10:30 AM, the plaintiff attended a "pre-trial" conference with the defendant, and invoked his rights under the Americans with Disabilities Act, and the defendant again retaliated against the plaintiff and ignored his request for reasonable modifications or accommodations.

The defendant discriminated against the plaintiff who had expressed that he has a record of, and is regarded as, having disabilities that impair him from engaging in one ore more major life activities. Defendant's conduct and failure to provide reasonable accommodations is in violation of Title II of the Americans with Disabilities Act (ADA).

The plaintiff expressed his communications and breathing disabilities but this was ignored and no one, not even the defendant's so-called ADA coordinator, made a single effort to accommodate the plaintiff in any way.

Defendant has failed to ensure the accessibility of its premises located at 101 Eslinger Avenue, Suite 301; Sanford, Florida, and, as a result, plaintiff was prevented from enjoying the services, or taking advantage of the benefits offered by the defendant .

Such discrimination persists notwithstanding the existence of readily available, well-established, accommodations, that in fact would cost nothing to the defendant and for which any costs are expected to be settled in the normal and usual costs of operating a public facility.

The plaintiff has commenced this action based on reasonable cause to believe that Defendant is engaged in a pattern or practice of discrimination and that the plaintiff has been discriminated against and that such discrimination raises issues of general public importance. 42 U.S.C. § 12188(b)(1)(B). The plaintiff seeks declaratory and injunctive relief, monetary damages, and civil penalties against Defendant.

## ALLEGATIONS OF VIOLATIONS OF TITLE II OF

## THE AMERICANS WITH DISABILITIES ACT

The allegations contained in the preceding paragraphs are incorporated by reference.

Title II, subtitle A, of the ADA prohibits discrimination on the basis of disability in all services, programs, and activities provided to the public by State and local governments.

The defendant is a state or local government entity or public accommodation that has discriminated against the plaintiff on the basis of disability in all services, programs, and activities provided to the public.

Defendant has failed or refused to take the necessary steps to ensure that the plaintiff was not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

The defendant utilized standards or criteria or methods of administration that have the effect of discriminating on the basis of disability, or perpetuating the discrimination of the plaintiff when reasonable accommodations were within its administrative control.

The plaintiff is a victim of defendant's discriminatory conduct or actions and is an aggrieved persons within the meaning of 42 U.S.C. §§12131-12134.

The defendant has failed to adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by Part 35.107 of Title 28 of the Code of Federal Regulations.

As a result of Defendant's actions and/or omissions the plaintiff has experienced frustration, public humiliation, retaliation, intimidation, assault, arrest, incarceration, additional burden, and marginalization; and has been denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services.

In addition to unlawfully denying the plaintiff the same and equal access to the services, the defendant retaliated against the plaintiff by:

- failing or refusing to make reasonable modifications to accommodate the plaintiff's communications disability and other disabilities relating to respiration and language barriers

that preclude or impair the plaintiff from understanding the terms used by the defendant and its employees; and,

- ignoring the plaintiff's efforts to express his disabilities and requests for reasonable modifications and retaliating against the plaintiff by intimidating and coercing the plaintiff, demanding that the plaintiff explain his disabilities in a public forum and then demanding he submit to the medical interventions and examinations and other health control measures that further exacerbate his ability to engage in major life activities; and,

- threatening the plaintiff with being falsely cited, arrested or incarcerated for unrelated crimes such as trespass or disorderly conduct; and,

- allowing other employees the attack, threaten or verbally ridicule and abuse the plaintiff; and,

- threaten the plaintiff with public humiliation and exclusion because of his disability.

Furthermore, the defendant expresses the attitude toward the plaintiff as if the plaintiff is a direct threat to others, yet has never complied with the individual assessment criteria, to wit:

28 CFR Part 35.104:

"(b) In determining whether an individual poses a direct threat to the health or safety of others,

a public accommodation must make an **individualized assessment**,

based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence,

to ascertain: The nature, duration, and severity of the risk;

the probability that the potential injury will actually occur;

and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk."

By the conduct set forth in the preceding paragraphs, there is reasonable cause to believe that Defendant has:

Engaged in a pattern or practice of discrimination, in violation of 42 U.S.C. §§12131-12134; and,

Discriminated against the plaintiff and other individuals with disabilities, and such discrimination raises an issue of general public importance, in violation of 42 U.S.C. §§12131-12134; and,

Defendant has failed to comply with 28 CFR Part 35.105 and make any evaluation of its services, polices or practices or make any modifications; and,

Defendant has failed to make available to applicants, participants, beneficiaries, and other interested persons such as the plaintiff, information regarding the provisions of 28 CFR Part 35.106 and its applicability to the services, programs, or activities of the defendant, and make such information available to the plaintiff in such manner as the head of the defendant finds necessary to apprise the plaintiff of the protections against discrimination assured him by the Americans with Disabilities Act Act and this part (28 CFR 35.106).

Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff demands judgment against the defendant and that the court declare that Defendant's discriminatory actions and/or omissions as set forth in this Complaint violate Title II of the Americans with Disabilities Act; and,

an order enjoining the defendant, along with its officers, agents, and employees, and all others in active concert or participation with them, from:

Engaging in discriminatory acts and/or omissions against individuals with disabilities; and an order enjoining the defendant from implementing practices and policies in a manner that is inaccessible to individuals with disabilities within the meaning of Title II of the Americans with Disabilities Act;

And ordering defendant to:

Comply with the requirements of Title II of the Americans with Disabilities Act;

Provide appropriate auxiliary aids and services; modify policies, practices, and procedures; and/or require alternative methods to ensure the accessibility of its premises and services to individuals with disabilities as required under Title II of the Americans with Disabilities Act;

Take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of the Defendant's discriminatory conduct to the position that he or she would have been in, but for the Defendant's conduct; and,

Take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct and to eliminate, to the extent practicable, the effects of such conduct; and,

Award monetary damages to the plaintiff, in an appropriate amount for injuries suffered as the result of Defendant's failure to comply with the requirements of Title II of the Americans with Disabilities Act;

Assess a civil penalty against the defendant in an amount authorized by Title II of the Americans with Disabilities Act to vindicate the public interest; and,

Order such other relief as the interests of justice may require.

DATED this 2⌐ day of April 2021.

Mark E. Schmidter, Plaintiff